AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## District of Columbia

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | |
| CHRISTINA CHAPMAN | Case Number: 24-CR-220-RDM-1 |
| | USM Number: 15427-511 |
| | Alexis Morgan Gardner |
| | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   2, 4 and 6

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 1343 & 1349 | Conspiracy to Commit Wire Fraud | 10/26/2023 | 2 |
| 18 U.S.C. 2, 1028A(a)(1) | Aggravated Identity Theft | 10/26/2023 | 4 |
| 18:1956(a)(1)(B)(i) & (h) | Conspiracy to Launder Monetary Instruments | 10/26/2023 | 6 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   All Remaining   ☐ is  ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

7/24/2025
Date of Imposition of Judgment

*Randolph D. Moss* (signature)
Signature of Judge

Randolph D. Moss, United States District Judge
Name and Title of Judge

7/30/25
Date

Judgment — Page 2 of 7

DEFENDANT: CHRISTINA CHAPMAN
CASE NUMBER: 24-CR-220-RDM-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
102 months, which consists of concurrent terms of 78 months as to Counts 2 and 6, and 24 months as to Count 4, which shall run consecutively to Counts 2 and 6.

☑ The court makes the following recommendations to the Bureau of Prisons:
The defendant participate in the following programs: Challenge Program, Female Integrated Treatment (FIT), and Resolve Program

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at _____ ☐ a.m. ☐ p.m. on _____ .

　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☐ before 2 p.m. on _____ .

　☐ as notified by the United States Marshal.

　☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
               Sheet 3 — Supervised Release

Judgment—Page __3__ of __7__

DEFENDANT: CHRISTINA CHAPMAN
CASE NUMBER: 24-CR-220-RDM-1

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

36-months as to Counts 2 and 6, and 12 months as to Count 4 all to run concurrently.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page 4 of 7

DEFENDANT: CHRISTINA CHAPMAN
CASE NUMBER: 24-CR-220-RDM-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page 5 of 7

DEFENDANT: CHRISTINA CHAPMAN
CASE NUMBER: 24-CR-220-RDM-1

## SPECIAL CONDITIONS OF SUPERVISION

Restitution Obligation - You must pay the balance of any restitution owed at a rate of no less than $200 each month.

Financial Information Disclosure - You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the United States Attorney's Office.

Financial Restrictions - You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

Mental Health Assessment/Treatment - You must participate in a mental health assessment and comply with any recommended treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

Cybercrime Management - You are ordered to participate in cybercrime management and will inform your officer of all computer devices possessed or accessible to you. This includes (a) desktop or laptop computers; (b) smartphones, smart watches, and tablets; (c) smart appliances/Internet of Things (IoT) devices, including hub or personal assistant devices; and (d) all network accessing devices, including internet-connectable gaming systems. You will not acquire or access any new or additional computer devices unless approved by your officer. You will also inform your officer of all your computer device, internet service provider (ISP), and social media user accounts (local and on-line services), both upon entering supervision and in the event that you create or receive additional user accounts.

Search/Seizure - You must submit your computer devices, other electronic communications, network or cloud storage, data storage devices or media; to a search conducted by a United States probation officer. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

Computer Device Restriction - You may be limited to two standard computer devices (desktop/laptop computer, smart phones/tablets), unless otherwise approved by your officer.

Internet/Application Restriction - You shall not access AnyDesk or any other remote desktop application.

Search/Seizure - You must submit your person; property; house; residence; vehicle; papers; computer devices, other electronic communications, network or cloud storage, data storage devices or media; or office, to a search conducted by a United States probation officer. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

Re-entry Progress Hearing - Within forty-five days of release from incarceration or placement on supervision, you will appear before the Court for a re-entry progress hearing. Prior to the hearing, the probation officer will submit a report summarizing your status and compliance with release conditions. If you are supervised by a district outside of the Washington DC metropolitan area, the United States Probation Office in that district will submit a progress report to the court within 60 days of the commencement of supervision; upon receipt of the progress report, the Court will determine if your appearance is required.

THE COURT FINDS that you do not have the ability to pay a fine and, therefore, waives imposition of a fine in this case.

Pursuant to Rule 32.2(a) of the Fed Rules of Crim Proc., you, Christina Chapman, are hereby ordered to forfeit: the funds in the defendant's accounts, and wages and monies accrued by overseas IT workers.

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page **6** of **7**

DEFENDANT: CHRISTINA CHAPMAN
CASE NUMBER: 24-CR-220-RDM-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|--------|------------|-------------|------|------------------|-------------------|
| TOTALS | $ 300.00   | $           | $    | $                | $                 |

☑ The determination of restitution is deferred until **TBD**. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination. *< 90 days from entry of Judgment*

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---------------|---------------|---------------------|------------------------|
| TBD           |               |                     |                        |

| TOTALS | $ 0.00 | $ 0.00 |
|--------|--------|--------|

☑ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☑ the interest requirement is waived for the   ☐ fine   ☑ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

DEFENDANT: CHRISTINA CHAPMAN
CASE NUMBER: 24-CR-220-RDM-1

Judgment — Page 7 of 7

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $ 300.00  due immediately, balance due

    ☐ not later than _____ , or
    ☑ in accordance with ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:
The financial obligations are immediately payable to the Clerk of the Court for the U.S. District Court, 333 Constitution Ave NW, Washington, DC 20001. Within 30 days of any change of address, you shall notify the Clerk of the Court of the change until such time as the financial obligation is paid in full.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
Pursuant to Rule 32.2(a) of the Fed Rules of Crim Proc., you, Christina Chapman, are hereby ordered to forfeit: the funds in the defendant's accounts, and wages and monies accrued by overseas IT workers. Forfeiture Order issued.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.