**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | **Case No. 24-CR-220** |
| **v.** | **:** | |
| | **:** | |
| **CHRISTINA CHAPMAN,** | **:** | |
| | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

<u>**GOVERNMENT'S UNOPPOSED MOTION FOR ORDER OF RESTITUTION**</u>

On July 24, 2025, the Court sentenced Christina Chapman to 102 months' imprisonment and ordered that restitution be determined at a later date, less than 90 days from the entry of Judgment. The government received the following restitution requests with supporting documentation from victims for reimbursement for financial losses related to the Defendant's offenses of conviction:

| Victim | Amount |
|---|---|
| DataStaff Inc. | $ 15,600.00 |
| Jennie, Inc. | $ 3,960.16 |
| Frank Pernice | $ 199.99 |
| Tavaris Brown | $ 297.00 |
| **Total** | **$ 20,057.15** |

DataStaff, Inc., a professional staffing company, employed an overseas Information Technology worker using the U.S. identity "James B.", to provide services to a client. After learning that "James B." was a North Korean IT worker affiliated with this case, DataStaff, Inc.'s client declined to pay an outstanding invoice for $15,600. *See* Exhibit A.

Jeenie, Inc. employed an overseas IT worker using the U.S. identity "Scott L." Jeenie, Inc. ordered a laptop for "Scott L."'s use that was not returned to the company. Jeenie, Inc. provided

the government with a receipt for this laptop. *See* Exhibit B. Jeenie, Inc. also submitted restitution requests for $50,000.00 for reimbursement related to an internal investigation and $6,244.00 for legal fees. Jeenie, Inc. did not provide documentation to prove these financial losses.

Frank Pernice's identity was used by Chapman and her coconspirators to obtain remote IT positions at U.S. companies. Mr. Pernice submitted a restitution request for $199.99 for an identity protection service that includes password management, dark web monitoring, email privacy, and two-factor authentication. *See* Exhibit C.

Tavaris Brown's identity was used by Chapman and her coconspirators to obtain remote IT positions at U.S. companies. Mr. Brown submitted a restitution request for $297.00 for four counseling sessions related to anxiety resulting from identity theft. *See* Exhibit D.

The government also received a restitution request from Cody Willsey for $3000.00 related to costs to rebuild after bankruptcy and $250.00 to update cybersecurity protections. Multiple requests from the government for supporting documentation did not receive a response. The government received a restitution request from Matthew Lee for restitution, but the amount was not provided. The government did not receive responses to multiple requests for additional information.

Additionally, the government received a restitution request from NIKE, Inc. for $74,956.67 for five months of wages paid to an overseas IT worker using the U.S. identity "Kou T." NIKE, Inc. represented to the government that the overseas IT worker's performance was subpar and ultimately, the IT worker abandoned the position. NIKE, Inc. is in the process of collecting documentation to substantiate the overseas IT worker's poor performance and termination. If this information is received by the government prior to 90 days after the date of sentencing, the government will petition the Court for an amended restitution order. *See* 18 U.S.C. § 3664(d)(5).

The government will provide address information for each victim directly to the Clerk's office following the entry of the Judgment. Defense counsel does not oppose restitution requests for victims who provided supporting documentation.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

Karen P. W. Seifert (N.Y. Bar No. 4742342)
Assistant United States Attorney

*/s/ Ashley Pungello*

Ashley R. Pungello (D.C. Bar No. 1735733)
Trial Attorney
Computer Crime and Intellectual Property Section
Criminal Division
U.S. Department of Justice